UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH LAWS,                              :
        Plaintiff,                 :
                                         :
    v.                                :       CASE NO. 3:13-cv-1581 (SRU)
                                         :
HOLMES, et al.,                          :
        Defendants.               :

<u>INITIAL REVIEW ORDER</u>

The plaintiff, Keith Laws, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983.   He names as defendants Captain Craig Holmes and two John Does and Jane Doe.  The complaint was received by the court on October 28, 2013, and the plaintiff's motion to proceed *in form pauperis* was granted on February 7, 2014.

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Laws alleges that from 2003 through November 29, 2010, he has been transferred between housing units causing him to be placed at the bottom of the work list and preventing him from earning additional good time credit through prison employment.  He seeks damages and declaratory relief.

Laws contends that the defendants' actions have deprived him of his due process right to earn additional good time credit.  To state a due process claim, Laws must show that he was deprived of a liberty or property interest, created under the federal constitution or state law, without being afforded appropriate process.  An inmate has no constitutionally protected right to receive good time credit.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  In addition, Connecticut statutes allow the commissioner to award good time credit but do not require him to do so.  *See* Conn. Gen. Stat. § 18-7a ("[A]ny person sentenced to a term of imprisonment ... may by good conduct and obedience to the rules which have been established for the service of his sentence, earn a commutation or diminution of his sentence....").  Because the language of the state statute is precatory, rather than mandatory, no protected liberty interest is created.  *See Vega v. Lantz*, 596 F.3d 77, 83 (2d Cir. 2010) (holding that state statutes create protected liberty interest only when statute is "unmistakably mandatory in character").  Absent a protected liberty interest, Laws cannot state a due process claim.

Nor does Laws have a constitutional right to a prison job.  *See Gill v. Moony*, 824 F.2d 192 (2d Cir. 1987); *Johnson v. Pallito*, No. 2:12-CV-138, 2012 WL 6093804, at * 10 (D. Vt.

Nov. 26, 2012) (citing cases showing that inmates have no constitutional right to employment in prison).  Thus, any claim that the defendants interfered with Laws' right to a prison job also fails.

ORDERS

The court enters the following orders:

(1)     The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 28th day of February 2014, at Bridgeport, Connecticut.


 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

3